UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Matthew Baran
Richard Koester

    v.                                      Civ. No. 23-cv-296-SE-AJ

Charles Hoegen
(Redfern PMC, LLC) and
Tonya Roux
(Keller-Williams Realty)

**REPORT AND RECOMMENDATION**

Plaintiffs Matthew Baran and Richard Koester have sued Charles Hoegen and Tonya Roux, claiming that the defendants failed to disclose the existence of a lead paint hazard at property in Claremont, New Hampshire the plaintiffs had agreed to purchase in December 2021. All parties are proceeding pro se. The defendants were the owner and real estate agent involved in the sale of the property at issue. Invoking federal laws regarding lead paint disclosure, the plaintiffs seek the return of their five thousand dollar deposit and treble damages. See Complaint (Doc. No. 1). The defendants have filed a motion to dismiss,[1] which has been referred to the undersigned

---

[1] Hoegen first filed a motion to dismiss (Doc. No. 6) and later filed a supplement (Doc. No. 17) at the same time Roux's motion was filed. (Doc. No. 18).

Magistrate Judge for proposed findings of fact and a recommended disposition. See LR 72.1. As explained more fully below, the defendants' motion should be granted on the basis of res judicata, as the plaintiffs have already lost two state court suits in which they alleged nearly identical misconduct.

### Motion to Dismiss Standard

To survive a Rule 12(b)(6) motion to dismiss for failure to state a claim, a plaintiff must make factual allegations sufficient to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is facially plausible if it pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Courts may augment those pleaded facts and inferences with information from "documents incorporated by reference into the complaint, matters of public record, and facts susceptible to judicial notice." Haley v. City of Boston, 657 F.3d 39, 46 (1st Cir. 2011).

To test a complaint's sufficiency, the court must first identify and disregard statements that "merely offer 'legal conclusions couched as fact' or 'threadbare recitals of the elements of a cause of action.'" Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011) (quoting Iqbal, 556 U.S. at 678 (alterations omitted)). Second, the court must credit as

true all nonconclusory factual allegations and the reasonable inferences drawn from those allegations, and then determine if the claim is plausible. See id. In light of the plaintiffs' pro se status, the court liberally construes their pleadings. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).[2]

### State Court Proceedings

On January 14, 2022 plaintiff Baran sued defendant Roux and Redfern Property Management – of which defendant Hoegen is a principal – in New Hampshire small claims court. See Baran v. Roux, No. 427-2022-SC-00014 (N.H. Cir Ct., Dist. Div. Claremont filed Jan. 14, 2022). Baran claimed he was entitled to get his deposit returned because the defendants failed to disclose a lead paint risk as required by federal law. (Doc. No. 17-2 at 9). On February 1, 2023, the court, after conducting a hearing on the merits, dismissed the case. (Doc. No. 17-2 at 2). Because it is central to the disposition of this case, the court quotes at length from Judge Swegart's Order:

> The parties negotiated a Purchase and Sale Agreement (hereinafter "Agreement") for property in Claremont New Hampshire. The effective date of the Agreement was December 23, 2021. Within this Agreement, the buyer acknowledged receipt of the property disclosure and waived all inspection contingencies. See Respondent's Exhibit A, pg. 2 of Agreement. Per the agreement, Mr. Baran was required to place a $5000 deposit down on the sale. Id. The price of the home, which included two rental units, was $45,000. Subsequent to the

---

[2] As all parties to this suit are proceeding pro se, the court has liberally construed all relevant filings.

signing of the Agreement, Mr. Baran obtained a detailed assessment drafted by the State of New Hampshire describing an issue relating to lead based hazards on the property. See Petitioner's Exhibit 2. Mr. Baran received this assessment from the defendant's real estate agent after attempting to obtain it from the State of New Hampshire. He testified that he did not receive this assessment in the initial correspondence prior to signing the purchase and sale agreement. Mr. Hoegen, appearing for Redfern LLC, testified that the initial round of disclosures did include this assessment. After receiving a remediation estimate of $145,000 sometime in the beginning of January, 2022, Mr. Baran informed the defendant that he did not wish to purchase the property and backed out of the contract. See Petitioner's Exhibit 2.

The property disclosure listed the existence of lead-based paint, the existence of a NH Dept. of Health Order relating to lead, and a positive test from October 2021 for soil lead above the hazard level for lead. See Respondent's Exhibit A, pg. 3 of Property Disclosure - Residential Only. The buyers also signed and initialed a "Disclosure of Information on Lead-Based Paint and/or Lead- Based Hazards for Housing Sales" on December 21, 2021. See Respondent's exhibit A. This document specifically listed a known "Lead Hazard Order for Reduction" and further identified the specific identifying numbers associated with the State of New Hampshire Lead Hazard Order. Finally, the MLS listing contained a non-public remark viewable by the agents in this matter that reads "There is currently an order in place for a Lead hazard reduction. Buyer to do due diligence on cost reduction. Property is priced accordingly." See Respondent's Exhibit A.

The defendant remained intent on fulfilling his end of the contract signed on December 23, 2021. Mr. Baran terminated the contract unilaterally based on the discovery of cost of remediation. The facts did not establish any willful misrepresentation of material fact or failures to disclose by the defendant that would justify relief outside the terms of the contract. The contract did not allow for return of the $5000 deposit if the cost of remediation was unacceptable to the buyer. Mr. Baran signed a document

> that stated he received the disclosures regarding lead. The significance of the lead hazard issue was disclosed in several different ways and was obviously reflected in the steep discount placed on the listing price of the house. Therefore, there is no legal basis upon which Mr. Baran could receive his $5000 deposit back. The loss of the deposit is the cost of his decision to unilaterally terminate the contract on terms not justified by the contract itself. For these reasons, Mr. Baran's claims are dismissed.

February 1, 2023 Small Claims Order (Doc. No. 17-2) at 1-2.

On March 14, 2023 Baran and Koester filed an identical small claims complaint against Redfern and Roux's real estate agency, again alleging that the "defendants did not disclose lead report, did not return deposit." See Baran and Koester v. Redfern and Keller Williams, No. 427-2-23-SC-0054, (N.H. Cir Ct., Dist. Div. Claremont filed Mar. 14, 2023) (Doc. No. 17-2 at 14). The defendants' moved to dismiss the second small claims action on the basis that the matter had already been decided. The court granted the motion to dismiss without a written order on May 9, 2023.

## Discussion

The defendants argue that plaintiffs' suit is barred by the doctrine of res judicata because the plaintiffs are trying to re-litigate the identical cases they lost in state court. The court agrees. New Hampshire law provides that:

> Res judicata precludes the litigation in a later case of matters actually decided, and matters that could have been litigated, in an earlier action between the same parties for the same cause of action. For the

5

>  doctrine to apply, three elements must be met: (1) the
>  parties must be the same or in privity with one
>  another; (2) the same cause of action must be before
>  the court in both instances; and (3) a final judgment
>  on the merits must have been rendered in the first
>  action.

Brooks v. Trs. of Dartmouth Coll., 161 N.H. 685, 690 (2011). See Dillon v. Select Portfolio Servicing, 630 F.3d 75, 80 (1st Cir. 2011). ("Under federal law, a state court judgment receives the same preclusive effect as it would receive under the law of the state in which it was rendered."). The defendant bears the burden of demonstrating that res judicata applies. Dillon, 630 F.3d at 80.

Here, all three elements of res judicata are satisfied. First, the parties or those in privity with them – plaintiffs Baran and Koester and defendants Hoegen and Roux – are the same.[3] Second, the cause of action – lead paint non-disclosure – is identical. And two final judgments were rendered against the plaintiffs. The defendants do not dispute that the elements of

---

[3] That Koester was only a plaintiff in the second unsuccessful small claims action does not alter the court's conclusion. Similarly, the pleadings make clear that Hoegen is in privity with Redfern – a defendant in both small claims actions -- and that Roux, a defendant in the first small claims action is in privity with Keller Williams Realty, a defendant in the second. See Sleeper v. Hoban Family P'ship, 955 A.2d 879, 883 (N.H. 2008). ("The substantive legal relationships justifying preclusion are sometimes collectively referred to as privity, although we have used the term more broadly to refer to a functional relationship, in which, at a minimum, the interests of the non-party were in fact represented and protected in the prior litigation.") (quotations and citation omitted).

res judicata are satisfied. Instead, they take issue with the substance of the two adverse state-court decisions. See, e.g., Pltf. Obj. (Doc No. 15) (asserting, contrary to the state-court Order, that "lead reports were not disclosed.") This is plainly insufficient to overcome the fact that two different state court judges have found that no lead paint disclosure violations occurred in connection with plaintiff's purchase of the Claremont property. The appropriate course for trying to reverse either of the small claims courts' rulings was an appeal to the New Hampshire Supreme Court, not lawsuit in this court. See N.H. Sup. Ct. R. 7. Accordingly, the doctrine of res judicata applies and defendants' motions to dismiss should be granted.[4]

---

[4] Even if Hoegen's privity with Redfern was disputed (which it is not), plaintiffs' claim would likely fail due to the application of collateral estoppel, which may "bar a party to a prior final judgment from relitigating any fact actually determined in the prior litigation." Petition of Breau, 565 A.2d 1044, 1049 (N.H. 1989) For it to apply in a particular proceeding, the issue subject to estoppel must be identical in each action, the first action must have resolved the issue finally on the merits, and the party to be estopped must have appeared in the first action, or have been in privity with someone who did so. Simpson v. Calivas, 650 A.2d 318, 323 (N.H. 1994) (quotation and citations omitted). Here, the plaintiffs are the same, the small claims cases were resolved on the merits, and the "fact actually determined" in the prior litigation was that there no failure to disclose the lead paint issue. Such a finding, applied to this case, would be fatal to plaintiffs' claim.

## Conclusion

Based on the foregoing, the district judge should grant the defendants' motions to dismiss. (Doc. Nos. 6, 17 and 18). Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon motion. Only those issues raised in the objection(s) to this Report and Recommendation are subject to review in the district court. See Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010). Any issues not preserved by such objection(s) are precluded on appeal. See id. Failure to file any objections within the specified time waives the right to appeal the district court's Order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

_____
Andrea K. Johnstone
United States Magistrate Judge

November 16, 2023

cc: Matthew Baran, pro se
    Richard Koester, pro se
    Charles Hoegen, pro se
    Tonya Roux, pro se